FILED
12 OCT 10 PM 12:01
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

1 | Tammy Hussin (Bar No. 155290)
2 | Lemberg & Associates LLC
3 | 6404 Merlin Drive
    | Carlsbad, CA 92011
4 | Telephone (855) 301-2100 ext. 5514
    | thussin@lemberglaw.com

6 | Lemberg & Associates, LLC
7 | 1100 Summer Street
    | Stamford, CT 06905
8 | Telephone: (203) 653-2250
    | Facsimile: (203) 653-3424

10 | Attorneys for Plaintiff,
    | Charles Key

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Charles Key,

      Plaintiff,

vs.

Asset Acceptance, LLC; and DOES 1-10, inclusive,

      Defendants.

Case No.: CV12-8672 CAS (JEMx)

**COMPLAINT FOR DAMAGES**
**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**
**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Charles Key, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Charles Key (hereafter "Plaintiff"), is an adult individual residing at Santa Clarita, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Asset Acceptance, LLC ("Asset"), is a Michigan business entity with an address of P.O. Box 2036, Warren, Michigan 48090-2036, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Asset and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Asset at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $26,000.00 (the "Debt") to Bank of America (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Asset for collection, or Asset was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Asset Engages in Harassment and Abusive Tactics**

12. Within the last year, Asset contacted Plaintiff in an attempt to collect the Debt.

13. During the initial conversation and during some conversations thereafter, Asset did not identify the name of their company until the phone call had been transferred to several different representatives of Asset.

14. During the initial conversation and during other conversations thereafter, Plaintiff explained to Asset that he could not afford to satisfy the Debt at the time and requested that Asset cease calls regarding the Debt.

15. Despite being informed of such, Asset continued their calling campaign to in an attempt collect the Debt.

16. During one conversation, Plaintiff stated that he had requested on multiple occasions that Asset stop contacting him and that he cannot afford to pay Debt. In response, Asset accused Plaintiff of lying and stated that Plaintiff had never made such requests.

17. During another conversation, Asset threatened to begin garnishing Plaintiff's wages unless the Debt was paid.

18. Asset had no present ability to affect an immediate garnishment without first obtaining a judgment against Plaintiff.

19. Despite the multiple requests from Plaintiff, Asset continued to calls.

### C. Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Asset' unlawful conduct.

21. As a direct consequence of the Asset' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

26. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

27. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

28. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

29. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

34. Asset Acceptance, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

35. The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

36. The Defendants did not disclose the identity of the debt collection agency when communicating with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(b).

37. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

38. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

39. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

40. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

41. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 2, 2012         TAMMY HUSSIN

By: _____
Tammy Hussin, Esq.
Lemberg & Associates
Attorney for Plaintiff, Charles Key